IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NATHANIEL ROBINSON,

                                            OPINION and ORDER

            Plaintiff,

                                            19-cv-604-bbc

     v.

CANDACE WARNER, ROSYLAIND
HUNEKE AND CHRIS ENDREAS,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Nathaniel Robinson is proceeding on a claim that staff at the New Lisbon Correctional Institution violated his Eighth Amendment rights by disregarding a medical restriction that he be placed only in soft handcuffs. Now before the court is defendants' motion for summary judgment. Dkt. #20. Because plaintiff has not shown that defendants acted with deliberate indifference to his wrist problems, I will grant defendants' motion and close this case.

      From the parties' proposed findings of fact and the evidence in the record, I find the following facts to be undisputed unless otherwise noted.

UNDISPUTED FACTS

      Plaintiff Nathaniel Robinson was incarcerated at New Lisbon Correctional Institution at all times relevant to this lawsuit. Defendants worked at New Lisbon: Chris Endreas was a correctional officer and Roslyn Huneke and Candace Warner were health services unit

1

managers.

Plaintiff has moderate carpal tunnel syndrome and wrist neuropathies. In February 2018, health services staff gave plaintiff a "soft handcuffs" restriction. This meant that plaintiff was to be transported using soft leather handcuffs, rather than the metal handcuffs typically used to transport inmates at the prison. Plaintiff's restriction was noted in his medical records in the prison's computer system, and a magnet noting the restriction was placed on plaintiff's cell door. Plaintiff also received ice, twice a day, and physical therapy for his wrists.

In January 2019, plaintiff was housed in the restrictive housing unit at New Lisbon. Inmates housed in the restrictive housing unit are always restrained when they are transported, unless they are returning to general population. On January 29, 2019, defendant Endreas was asked to escort plaintiff to a visitor interview room, located about 12 feet from plaintiff's cell. Endreas reviewed the inmate locator list and found plaintiff's cell location. Endreas grabbed metal handcuffs from the officer's station and went to plaintiff's cell for the transport. The officer's station also has soft handcuffs available.

According to Endreas, he did not notice the soft handcuff restriction magnet on plaintiff's cell door. Endreas says that typically he reads any magnets or notes regarding specific inmate restrictions on the cell door before initiating a transport, but that he must have been distracted by a disruption, radio call or something else. Endreas also says that plaintiff complied with his request that plaintiff place his hands out of the cell's trap door to be restrained, that plaintiff did not object to being restrained with the metal cuffs and that

2

plaintiff did not say anything about the soft handcuff restriction.

Plaintiff disputes Endreas's recollection of events. Plaintiff agrees that he placed his hands through the trap door when ordered to do so, but he says that he told Endreas that he had a soft handcuff restriction and asked Endreas to check the magnet on his cell door. Plaintiff says that Endreas responded by saying that he had not been aware of plaintiff's restriction and that plaintiff would be in the metal handcuffs only a short while, so plaintiff should have no problems. Plaintiff did not object further and did not report Endreas's action to the officers in the officer's station.

It is undisputed that Endreas ultimately placed the metal handcuffs on plaintiff and escorted plaintiff to the interview room without incident. Endreas's interaction with plaintiff lasted no more than two minutes from the time Endreas approached plaintiff's cell to the time that plaintiff was restrained in the interview room.

In the interview room, plaintiff was handcuffed to the concrete divider, with his hands directly in front of him. (Plaintiff does not say whether he complained to the officer in the interview room about having to wear the metal cuffs. He has not alleged that wearing the metal cuffs in the interview room with his hands in front of him was painful or caused him any problems.) After plaintiff's meeting in the interview room, another correctional officer returned plaintiff to his cell. Plaintiff told the officer about Endreas using the metal handcuffs. The officer relayed plaintiff's complaint to Endreas. Endreas did not write an incident report because plaintiff did not appear to be injured. (Plaintiff says that his wrists looked "bad." Endreas says that plaintiff's wrists looked fine.) Plaintiff did not request

medical treatment for his wrists, and the transporting officer did not call health services about plaintiff's wrists. Plaintiff also did not request any medical care for his wrists in the days, weeks or months after the transport, with the exception of his ongoing physical therapy. (Plaintiff says that his wrist problems "could have been exacerbated" by Endreas's mistake, but he has submitted no evidence to support this assertion.)

## OPINION

Plaintiff contends that defendants violated his Eighth Amendment rights by disregarding his serious wrist problems and forcing him to wear metal handcuffs that caused him serious pain and exacerbated his medical conditions. The Eighth Amendment imposes a duty on prison officials to provide "humane conditions of confinement" and to insure that "reasonable measures" are taken to guarantee inmate safety and prevent harm. Farmer v. Brennan, 511 U.S. 825, 834–35 (1994). An inmate may prevail on a claim under the Eighth Amendment by showing that the defendant acted with "deliberate indifference" to a prisoner's serious medical needs or to a substantial risk of serious harm. Chatham v. Davis, 839 F.3d 679, 684 (7th Cir. 2016). A prison official acts with deliberate indifference if the official realizes that a substantial risk of serious harm to a prisoner exists, but the official disregards that risk. Perez v. Fenoglio, 792 F.3d 768, 776–77 (7th Cir. 2015).

To survive summary judgment, plaintiff must present evidence suggesting that he suffered from an objectively serious medical condition and that the defendants knew about the condition but acted with deliberate indifference to it. Farmer, 511 U.S. at 834.

Defendants appear to accept, at least for the purpose of summary judgment, that plaintiff's wrist problems were serious medical conditions. However, defendants argue that transporting plaintiff a short distance did not create or exacerbate his wrist problems. They also argue that they did not act with deliberate indifference to plaintiff's wrist problems. I agree with defendants that plaintiff has failed to prove his Eighth Amendment claims against any of the defendants.

In his complaint, plaintiff alleged that defendants Warner and Huneke failed to insure that plaintiff's medical restriction for soft handcuffs was entered into the prison computer system. However, it is undisputed that the restriction was recorded in the computer system in February 2018, and that a notice regarding the restriction was placed on plaintiff's cell door. The restriction was noted nearly a year before the transport incident with Endreas. Therefore, I conclude that plaintiff has failed to submit any evidence showing that Warner or Huneke acted with deliberate indifference to his serious medical needs. They are entitled to summary judgment on plaintiff's claims against them.

As for defendant Endreas, plaintiff contends that Endreas acted with deliberate indifference to his wrist problems by disregarding plaintiff's posted handcuffs restriction and forcing plaintiff to wear metal handcuffs for transport. However, even accepting plaintiff's version of events as true, plaintiff has not shown that Endreas knew that transporting plaintiff in metal handcuffs for two minutes would cause plaintiff serious pain or exacerbate a serious medical condition. After plaintiff told Endreas that he had a soft handcuff restriction posted on his cell door, Endreas allegedly responded by saying plaintiff would be

5

all right because the transfer was a short distance. Plaintiff did not protest further, by pressing his intercom to speak to another officer or by refusing to be handcuffed. Endreas's response might have been careless or lazy, but it does not show deliberate indifference. Instead, Endreas's actions show that he did not think that it was necessary to retrieve soft handcuffs because he did not think that transporting plaintiff a few feet would cause any serious problems for plaintiff. In other words, Endreas did not draw the inference that plaintiff faced a substantial risk of serious harm. LaBrec v. Walker, 948 F.3d 836, 841 (7th Cir. 2020) (prison official does not act with deliberate indifference unless official is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and the official "draw[s] that inference").

Nor has plaintiff shown that the short transport actually caused him serious harm. Although plaintiff says his wrists looked "bad" after the transport, he does not explain what he means. He has not submitted evidence, for example, that his carpal tunnel syndrome or neuropathies were exacerbated by the metal handcuffs, that the transport caused him serious pain or that he needed any special medical treatment as a result of the short transport. Plaintiff did not seek any medical attention for his wrists after the incident, other than his regularly scheduled physical therapy appointments. In sum, plaintiff has failed to show that any defendant was deliberately indifferent to a serious medical need.

ORDER

IT IS ORDERED that

1. The motion for summary judgment filed by defendants Candace Warner, Rosylaind Huneke and Chris Endreas, dkt. #20, is GRANTED.

2. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 16th day of November, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge